JAMES D. TURNBULL v. WILLIAM L. CARPENTER, CIRCUIT JUDGE OF WAYNE COUNTY.

DECREE—ORAL ANNOUNCEMENT OF DECISION OF COURT—ALTERATION OF ON SETTLING AND SIGNING DECREE.

Relator applied for *mandamus* to compel respondent to settle and sign a chancery decree in accordance with the decision as orally announced by the court, and taken down by the court stenographer. An order to show cause was denied.

*Joseph Cavanaugh*, for relator, contended:

1. That the decision of the court as announced was the decree, the sentence of the court, upon the matters before it for decision; that when thus spoken and recorded by the official stenographer it became a record of the court as much as if it had been written and signed by the presiding judge himself, and filed in the cause; that this decision was binding upon all the parties, and equally so upon the judge of the court.

2. That respondent had no more power to change or alter said decision in any material matter than any other official of the court; that the only way it

could be materially changed or altered would be by a rehearing; that this is the mode pointed out by the law itself, and the only mode or way; that until a re-hearing was granted in the usual way any material alteration or change in said decision by respondent or any other court official would be absolutely void, as it would be without jurisdiction; that until a rehearing was at least asked for or granted relator was entitled to have the formal decree settled and signed as a matter of legal right in accordance with said oral decision.

The facts as alleged in the petition for *mandamus* were:

*a*—That relator was joined as a defendant in a bill praying for a decree declaring, among other things, that he was not entitled to any portion of the moneys already received and which might be recovered upon a judgment, 48 per cent. of which relator claimed to own; that the case was tried in respondent's court, and after the submission of the same respondent announced "that the decision of the Supreme Court in the case of *Turnbull v. Monaghan*, 94 Mich. 87, was decisive of the controversy between the parties; that applying the principles of that decision to the case under consideration relator was entitled to 48 per cent. of the net proceeds of said judgment; that said net proceeds amounted to $4,694.24; that relator was entitled to a decree for 48 per cent. of this amount, or $2,258.27, with interest thereon at the rate of 7 per cent. from January 1, 1895."

*b*—That relator caused a formal decree in accordance with said oral decision to be drawn up and presented to respondent for his signature; that Mr. Lightner, of Keena & Lightner, solicitors for complainant, objected to the proposed decree in respect to the allowance of said interest; that thereupon respondent struck out of said decree the clause allowing said interest, signed said decree with said interest clause eliminated therefrom, refused to sign a decree in which said clause was included, and refused to grant a special motion to correct the decree so signed by including therein aid provision regarding interest.

[A statement of the main facts essential to a correct understanding of the merits of the chancery suit in which the decree complained of by relator was made, will be found in the opinion in 94 Mich. 87. EDITOR.]